# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE APPLICATION OF SAVAN MAGIC LTD. TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 2:17-cv-01689-JCM-NJK<br><br>ORDER |

Pending before the Court is Petitioner's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in proceedings in Singapore. *See* Docket No. 1. The Court finds the pending application properly resolved without a hearing. *See* Local Rule 78-1.

A threshold statutory requirement for § 1782 relief is that the person from whom discovery is sought resides or is found in the district of the district court to which the application is made. *See, e.g.*, *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998). A *prima facie* showing on that requirement suffices. *See, e.g., In re Republic of Ecuador*, 2010 WL 3702427, *3 (N.D. Cal. Sept. 15, 2010). Parties often meet that burden by presenting evidence from their investigation showing the person's residence or presence in the district. *See id.*; *see also In re Application of Ontario Principals' Council*, 2013 WL 6844545, *3 (E.D. Cal. Dec. 3, 2013).

In this case, Petitioner represents initially that it seeks discovery from Sanjay Pandya, Docket No. 1 at 1 (seeking "an order from this Court allowing Savan to take the deposition testimony of Sanjay Pandya and to obtain documents"), but provides no information of any kind as to whether Mr. Pandya

resides or is found in this district, *but see* Docket No. 1 at 3 (asserting that Mr. Pandjay is a "resident of Singapore").

Elsewhere in the application, Petitioner asserts that it is seeking discovery from Norman Bentley. Docket No. 1 at 4. With respect to Mr. Bentley, the application asserts that he has a home and place of business in Nevada, Docket No. 1 at 5, but that assertion is supported only by a declaration stating that, "[u]pon information and belief, Mr. Bentley's home and place of business is located within Las Vegas, Nevada," Docket No. 1-1 at ¶ 13. Petitioner has not provided any legal authority showing that a conclusory declaration on information and belief is a sufficient showing of a respondent's location.

Having failed to sufficiently establish the threshold requirement that the respondents reside or are found in this District, Petitioner's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 is hereby **DENIED** without prejudice. Any renewed petition shall be filed by July 6, 2017.

IT IS SO ORDERED.

DATED: June 22, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge