# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

IN RE APPLICATION OF SAVAN MAGIC LTD. TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Case No. 2:17-cv-01689-JCM-NJK

ORDER (Docket Nos. 12, 28)

Pending before the Court is Respondent's motion to quash. Docket No. 12. Petitioner filed a response, and Respondent filed a reply. Docket Nos. 23, 27. Respondent's motion seeks the quashing of a subpoena for documents and deposition testimony that was served on him on July 15, 2017. *See* Docket No. 12 at 10. Petitioner does not meaningfully dispute that the subpoena was defective, and thereafter withdrew the subpoena. Docket No. 23 at 4. Accordingly, the dispute presented through motion to quash has resolved itself, and the motion to quash is therefore **DENIED** as moot.[1]

Petitioner served Respondent with a new subpoena after the motion to quash was filed. *See* Docket No. 23 at 8. In addition to attempting to rectify alleged procedural defects with the original subpoena, Petitioner also changed the discovery sought in the second subpoena. *See, e.g.*, *id.* As the second subpoena is not at issue in the motion, any dispute arising out of it is not properly before the Court, and the Court declines to address the propriety of that second subpoena based on the shifting

---

[1] Respondent's request for attorney's fees and costs in relation to his motion to quash is **DENIED**.

briefing of the parties.  To the extent the parties dispute the propriety of the second subpoena, a proper motion must be filed <u>addressing that particular subpoena</u> filed after a proper meet-and-confer if Court intervention is required.  If those circumstances exist, Petitioner shall file a motion to compel no later than September 20, 2017.[2]  That motion will be briefed pursuant to the default schedule in the local rules, and will be decided in the ordinary course.  Moreover, the Court **DENIES** as moot the motion to file a surreply (Docket No. 28).

IT IS SO ORDERED.

DATED: September 6, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The Court will not entertain any counter-motion to quash or for protective order.  All relevant arguments should be included in briefing the motion to compel.  To the extent the Court finds any or all of the discovery sought to be improper, it will issue *sua sponte* an order protecting Respondent from that discovery.  *E.g.*, Fed. R. Civ. P. 37(a)(5)(B) ("If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c)").