# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE APPLICATION OF SAVAN MAGIC LTD. TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 2:17-cv-01689-JCM-NJK<br>ORDER (Docket No. 32) |

This Court has broad discretion in controlling its docket. *E.g., N.M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). The Court exercised that discretion in this case to streamline proceedings and avoid duplicative briefing by the parties. In particular, the Court ordered that, to the extent it cannot be resolved without Court intervention, the dispute between the parties shall be presented to the Court through Petitioner's filing of a motion to compel, Respondent's response thereto, and a reply. Docket No. 31 at 2 & n.2 ("All relevant arguments shall be included in briefing the motion to compel"). The Court further advised that it would enter appropriate relief to Respondent in the event it denied that motion to compel. *Id.* at 2 n.2 ("To the extent the Court finds any or all of the discovery sought to be improper, it will issue *sua sponte* an order protecting Respondent from that discovery").

Now pending before the Court is Respondent's opposition to the Petitioner's initial application that has already been granted, which also appears to be a motion for the Court to reconsider the order granting the initial application. Docket No. 32. Especially in light of the Court's previous order, it is unclear why Respondent has chosen to address the propriety of § 1782 discovery separately from raising

those arguments in opposing any motion to compel that is filed by Petitioner. *See, e.g.*, *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103 (D. Nev. May 28, 2015) (after having granted *ex parte* application to propound § 1782 discovery, denying motion to compel and *sua sponte* quashing subpoena based on arguments that § 1782 discovery should not be allowed), *objections overruled*, 2015 WL 7258483 (D. Nev. Nov. 17, 2015). Nor does the Court find that there is any need for Respondent to request "reconsideration" of the prior order granting the application to propound that discovery, as that order was entered with the express caveat that "nothing herein prevents Respondent from challenging the discovery once it is served both **with respect to whether it should be allowed under § 1782** and the scope of discovery that should be allowed." Docket No. 8 at 2 (emphasis added). In short, at this stage, the response to any motion to compel is the proper vehicle for Respondent to raise arguments that the requirements for § 1782 discovery are not satisfied in this case.

As it presents arguments that should be raised in responding to any motion to compel pursuant to the Court's previous order, Respondent's "opposition" is **DENIED** without prejudice. To the extent Respondent believes grounds exist such that § 1782 discovery should not be allowed, he shall make those arguments in responding to any motion to compel that is filed. If the Court is persuaded by such arguments presented in opposing any motion to compel, it will quash the subpoenas issued. *See, e.g.*, *Macquarie Bank*, 2015 WL 3439103, at *11.

IT IS SO ORDERED.

DATED: September 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge